UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                          )
PAUL NAGY,                )
                          )
          Plaintiff,      )
                          )       C.A. No. 05-11564-WGY
          v.              )
                          )
ALAN M. DERSHOWITZ,       )
                          )
          Defendant.      )
```

MEMORANDUM AND ORDER

For the reasons set forth below, the Court (1) denies
plaintiff's emergency motion for expedited ruling; (2) denies
plaintiff's motion to appoint a special prosecutor; and (3)
dismisses this action without prejudice.

BACKGROUND

On July 18, 2005, plaintiff Paul Nagy, a self-described
civilly-committed[1] inmate at FMC Butner, filed a complaint
against Professor Alan M. Dershowitz of Harvard Law School
pursuant to 42 U.S.C. § 1983 seeking several million dollars in
compensatory and punitive damages for the alleged violation of
plaintiff's constitutional rights.  Plaintiff's complaint is

---

[1]Mr. Nagy alleges he has been indefinitely committed to FMC
Butner, North Carolina, pursuant to 18 U.S.C. § 4246
(hospitalization of a person due for release but suffering from
mental disease or defect).

accompanied by a fee-waiver application,[2] an emergency motion for expedited ruling, and a motion to appoint a special prosecutor.

Plaintiff's complaint consists primarily of a recounting of events surrounding (a) the plaintiff's emigration 1982 as a Hungarian National from Romania to the United States, (b) the conditions of plaintiff's confinement; and (c) plaintiff's efforts to secure the assistance of Professor Dershowitz.

Plaintiff alleges that in response to his initial April 2004 letter to Professor Dershowitz, he received a post-card dated May 10, 2004 stating, among other things, that Professor Dershowitz is no longer able to review or accept unsolicited legal cases. Plaintiff then sent Profession Dershowiz a second letter. Plaintiff complains that sometime in May 2004, Professor Dershowitz made comments on CNN in regard to Iraqi prison abuses and failed to mention the abuse plaintiff contends he has been subjected to during his incarceration.  Plaintiff complains that the abuse "is being deliberately covered up by [Professor Dershowitz]."  See Complaint, p. 5.

A search of PACER, the federal judiciary's electronic public access system, reveals that plaintiff has been a prolific pro se litigant in several other federal district courts.  Since 1991, plaintiff has filed sixteen (16) civil actions in other courts as follows:

---

[2]By separate order, plaintiff's fee-waiver application was granted.

2

Nagy v. United States, No. 91-309 (E.D.N.Y. 1991)
(dismissing under former § 1915(d)), aff'd, No. 91-6077 (2d
Cir. 1991); Nagy v. Dep't of Secretary, No. 92-7680
(S.D.N.Y. 1992) (defendant's motion to dismiss and motion
for judgment on the pleadings allowed); Nagy v. Guzik, No.
96-1660 (W.D. Okla. 1996) (§ 2241 habeas petition dismissed
without prejudice); Nagy v. Jacobs, No. 98-2620 (S.D.N.Y.
1998) (dismissing under former § 1915(d)), aff'd, No. 98-
2502 (2d Cir. 1999); Nagy v. Goldstein, et al., No. 98-2621
(S.D.N.Y. 1998) (dismissing under former § 1915(d)), aff'd,
No. 98-2501 (2d Cir. 1999); Nagy v. Smith, et al., No. 98-
2622 (S.D.N.Y. 1998) (dismissing under former § 1915(d)),
aff'd, No. 98-2585 (2d Cir. 1999);  Nagy v. Sweet, et al.,
No. 98-626 (S.D.N.Y. 1999) (dismissing under former §
1915(d)), aff'd, No. 99-0065 (2d Cir. 2000); Nagy v. United
States, et al., No. 99-5796 (S.D.N.Y. 1999) (§ 2241 habeas
petition dismissed), aff'd, No. 99-2578 (2d Cir. 2000); Nagy
v. Officer Ruffin, et al., No. 00-782 (E.D.N.C. 1998)
(defendants' motion to dismiss allowed), aff'd, Nos. 01-
7899, 02-7019 (4th Cir. 2002); Nagy v. Clemenz, et al., No.
01-0007 (E.D.N.C. 1998) (dismissing without prejudice for
failure to exhaust administrative remedies), aff'd, No. 01-
7158 (4th Cir. 2001);  Nagy v. Schaefer, et al., No. 02-230
(E.D.N.C. 1998) (order for summary dismissal), aff'd, No.
02-6998 (4th Cir. 2002); Nagy v. FMC-Butner, No. 02-922
(E.D.N.C. 2002) (order dismissing as frivolous), aff'd, No.
03-6736 (4th Cir. 2004); Nagy v. Beeler, et al., No. 04-617
(E.D.N.C. 2005) (order dismissing claims), aff'd, No. 05-
6038 (4th Cir. 2005); Nagy v. Craven, et al., No. 05-348
(E.D.N.C. 2005) (pending); Nagy v. The Embassy of Romania,
et al., No. 05-1015 (D.D.C. 2005) (order dismissing), appeal
filed (D.C. Cir. 2005); and Nagy v. Dwyer, No. 05-1000 (D.
Conn. 2005) (pending).

## DISCUSSION

### I.    The Court's Authority to Screen This Complaint

When a plaintiff seeks to file a complaint without

prepayment of the filing fee, a summons does not issue so that

the Court may conduct a preliminary review of the complaint and

determine if it satisfies the substantive requirements of 28

U.S.C. § 1915.  This statute authorizes federal courts to dismiss

complaints <u>sua sponte</u> if the claims are based on an "indisputably meritless legal theory" or "factual contentions that are clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992); <u>see also Gonzalez-Gonzalez v. United States</u>, 257 F.3d 31, 37 (1st Cir. 2001) (citations omitted) (<u>sua sponte</u> dismissal appropriate where allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption).

II.  <u>The Complaint Is Subject to Dismissal</u>

Although <u>pro se</u> complaints are liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), plaintiff's complaint is based on a meritless legal theory and is subject to dismissal.

Contrary to Nagy's assertion, the complaint does not state a claim under 42 U.S.C. § 1983 (providing remedy for deprivations "under color of any statute, ordinance, regulation, custom, or usage" of any state or territory).  Most notably, the defendant is a private citizen, and the complaint fails to allege facts from which it may be inferred that the defendant acted under "color of law."  <u>See</u> <u>Alexis v. McDonald's Restaurants of Mass., Inc.</u>, 67 F3d 341, 351 (1st Cir. 1995)(discussing state action requirement).

Although Nagy asserts this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint fails to state a claim under the civil rights statute.  Similarly, Nagy's allegations do not support diversity subject matter jurisdiction

under 28 U.S.C. § 1332.  Even assuming that Nagy has stated a claim for relief under Massachusetts law, the allegations in the complaint do not support a conclusion that the amount in controversy exceeds $75,000.00.

<u>ORDERS</u>

ACCORDINGLY, for the reasons stated above, it is hereby

ORDERED, plaintiff's emergency motion for expedited ruling is DENIED; and it is further

ORDERED, plaintiff's motion to appoint a special prosecutor is DENIED; and it is further

ORDERED, that this action be dismissed without prejudice.

SO ORDERED.


 July 28, 2005             /s/ William G. Young
DATE                     WILLIAM G. YOUNG
                         UNITED STATES CHIEF DISTRICT JUDGE